ROSNER, BARRY & BABBITT, LLP
Hallen D. Rosner, SBN 109740
Jeffrey L. Le Pere, SBN 201787
10085 Carroll Canyon Road, Suite 100
San Diego, California 92131
Telephone: (858) 348-1005
Facsimile:  (858) 348-1150
*hal@rbblawgroup.com*
*jeff@rbblawgroup.com*

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKING CAPITAL INVESTMENT CORP, a business entity,<br><br>Plaintiff,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, a limited liability company; and DOES 1 through 75, inclusive,<br><br>Defendants. | Case No. **'18CV0874 GPC JMA**<br><br>**COMPLAINT**<br><br>**1. VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**<br><br>**2. VIOLATION OF THE MAGNUSON MOSS WARRANTY ACT** |

Plaintiff, Viking Capital Investment Corp, alleges the following against Defendant Jaguar Land Rover North America, LLC ("JLRNA" or "Defendant"), on information and belief formed after a reasonable inquiry under the circumstances:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the action alleges claims pursuant to 15 U.S.C. § 2310, the Magnuson Moss Warranty Act.  Plaintiff are a natural person with a claim that exceeds the amount in controversy of $50,000, pursuant to 15 U.S.C. § 2310(d)(3)(B).

///

1
COMPLAINT

2. This Court has supplemental jurisdiction over the California state law claims, pursuant to 28 U.S.C. § 1367. Venue is appropriate in this judicial district because the Defendants are individuals, associations, or corporations that are either authorized to conduct or, in fact, do conduct substantial business in the State of California, County of San Diego.

**PARTIES AND VENUE**

3. Plaintiff, Viking Capital Investment Corp is a business entity, in Bend, Oregon, at the time the contract that is the subject of this lawsuit was entered into. A true and correct copy of the Retail Installment Sales Contract is attached herewith as Exhibit A.

4. Defendant Jaguar Land Rover North America, LLC is a limited liability company registered to do business in the State of California, and doing business through its authorized retailer and repair facility, KUNI SDL LLC, dba Land Rover San Diego ("Dealer"), in the City of San Diego, County of San Diego. JLRNA is the manufacturer and/or distributor of the vehicle at issue.

5. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 75, inclusive, and thus names them under the provisions of Section 474 of the California Code of Civil Procedure. Defendants Does 1 through 75, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiffs and/or they are the alter-ego of the Defendants named herein. Plaintiffs will set forth the true names and capacities of the fictitiously named Defendants together with appropriate charging allegations when ascertained.

6. All acts of corporate employees as hereinafter alleged were authorized or ratified by an officer, director, or managing agent of JLRNA.

7. Each Defendant whether actually or fictitiously named herein, was the principal, agent (actual or ostensible) or employee of each other Defendant and in acting as such principal or within the course and scope of such employment or agency, took

some part in the act or omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

## SUMMARY OF ALLEGATIONS

8. On or around November 11, 2013, Plaintiff purchased a used 2012 Land Rover, Range Rover, VIN: SALMF1E48CA377328 from Land Rover San Diego. The vehicle had 15,819 miles on the odometer when it was sold to Plaintiff.

9. The sale was accompanied by JLRNA's express 5-year/50,000 mile warranty.

10. The vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to defective supercharger, defective software, defective suspension, transmission slip, harsh shifting, condensation build up in tail lights, and brake clunk. power steering, warning messages illuminating on dash, defective software, and other defects.

11. These are safety related concerns.

12. Plaintiff has presented the vehicle to JLRNA's authorized repair facilities in order to conform the vehicle to JLRNA's warranty.

13. Plaintiff has provided JLRNA with at least four opportunities to conform the vehicle to the warranty.

14. JLRNA has failed to conform the vehicle to the warranty. The vehicle remains defective.

15. Plaintiff is informed and believes that JLRNA dismissed the majority of plaintiff's warranty concerns due to oversized wheels having been installed on the Vehicle.

16. Plaintiff is informed and believes that JLRNA used the aftermarket, oversized wheels as an excuse to not properly diagnose and repair the Vehicle in order to conform to the warranty.

/ / /

17. Land Rover San Diego sold the Vehicle to Plaintiff as being accompanied with a Land Rover Select Certified Pre-Owned Warranty. A true and correct copy of the acknowledgment form is attached herewith as Exhibit B.

18. Land Rover San Diego is JLRNA's agent in terms of administering, operating, and selling vehicles to consumers in California that purportedly comply with JLRNA's Certification Program.

19. At no point did Land Rover San Diego or JLRNA inform plaintiff that the oversized wheels would void the JLRNA Certified Warranty.

20. Plaintiff has revoked acceptance of the Vehicle.

21. JLRNA has an affirmative statutory duty to promptly repurchase the vehicle pursuant to California law.

22. JLRNA has an affirmative duty under Song Beverly to promptly repurchase or replace vehicles that it has failed to conform to the warranty within a reasonable number of repair attempts. FCA has wilfully failed to do so.

23. Plaintiff is now entitled to seek a civil penalty of up to two times (2x) actual damages.

## FIRST CAUSE OF ACTION

### Violation of the Song-Beverly Consumer Warranty Act

24. Plaintiff incorporate by reference each and every allegation set forth in paragraphs 1 through 23, inclusive, of this Complaint.

25. Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter "the Act") Civil Code sections 1790 et seq., the vehicle constitutes "consumer goods" purchased primarily for family or household purposes and Plaintiff has used the vehicle primarily for those purposes.

26. The vehicle is a "new motor vehicle" under Civil Code section 1793.22(e)(2).

27. Plaintiff is a "buyer" of consumer goods under the Act.

///

28. Defendant, JLRNA, is a "manufacturer" and/or "distributor" under the Act.

29. In addition to the express warranties identified above, the sale of the vehicle to Plaintiff was accompanied by an implied warranty that the vehicle was merchantable.

30. The forgoing defects and nonconformities to warranty manifested themselves within the applicable express warranty period, and existed during the implied warranty period.

31. The nonconformities substantially impair the use, value, and/or safety of the vehicle, made the vehicle unmerchantable and could not be repaired.

32. Notwithstanding Plaintiff's entitlement, JLRNA has failed and refused to refund the price of the vehicle or replace the vehicle as required by the Act.

33. By JLRNA's failure to issue a refund or replacement JLRNA is in breach of its obligations under the Act.

34. Plaintiff justifiably revoked acceptance of the vehicle under the Act and sent a notice of revocation prior to the filing of this Compliant.

35. Under the Act, Plaintiff is entitled to a reimbursement of the purchase price paid for the vehicle.

36. Plaintiff is entitled to all incidental, consequential and general damages resulting from JLRNA's failure to comply with its obligations under the Act.

37. Plaintiff is entitled under the Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonable incurred in connection with the commencement and prosecution of this action.

38. Plaintiff is entitled, in addition to the amounts recovered, to a civil penalty of up to two times the amount of actual damages because JLRNA has willfully failed to comply with its responsibilities under the Act.

///

///

//

5
COMPLAINT

## SECOND CAUSE OF ACTION

### Violation of Magnuson Moss Warranty Act

39. Plaintiff incorporates herein each and every allegation set forth in paragraphs 1 through 38 of this Complaint, as though fully set forth herein.

40. Plaintiff is a "consumer" as defined in Magnuson-Moss Warranty Act (hereinafter "Mag-Moss"), 15 U.S.C. § 2301(3)

41. JLRNA is a "supplier" and "warrantor" as defined in Mag-Moss, 15 U.S.C. §§ 2301(4) and (5).

42. The VEHICLE is a "consumer product" as defined in Mag-Moss, 15 U.S.C. § 2301(1).

43. JLRNA provided Plaintiff with a "written warranty," as defined in Mag-Moss, 15 U.S.C. § 2301(6).

44. Under California law an "implied warranty of merchantability" was created in connection with sale of the VEHICLE, as defined in Mag-Moss, 15 USC § 2301(7).

45. JLRNA's failure to provide Plaintiff with the VEHICLE substantially free of defects, as warranted, constitutes a breach of the express warranties and implied warranty covering the VEHICLE, and hence violation of Mag-Moss.

46. Plaintiff has provided defendants an opportunity cure.

47. Plaintiff has complied with all of the obligations, as agreed to and required, except as may have otherwise been excused or prevented.

48. Plaintiff is informed and believes that JLRNA is unable to conform the VEHICLE to the applicable warranties, after having provided JLRNA a reasonable opportunity to cure the defects. For this reason, JLRNA's warranties are illusory under Magnuson Moss.

49. As a direct and proximate result of the acts and omissions of JLRNA, Plaintiff has been damaged in an amount which will be shown according to proof at the time of trial.

/ / /

50. Under Mag-Moss, Plaintiff is able to recover the remedies available under California State warranty laws, including the Song-Beverly Consumer Warranty Act ("Song-Beverly Act") and Uniform Commercial Code.

51. Pursuant to the Song-Beverly Act, Plaintiff is entitled to reimbursement of the purchase price paid for the VEHICLE, less the amount directly attributable to use by Plaintiff, prior to discovery of the nonconformities.

52. Also, Plaintiff is entitled to all incidental, consequential and general damages resulting from the failure of FORD to comply with their obligations under the Song-Beverly Act.

53. Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages, in that FORD willfully failed to comply with its responsibilities under the Song-Beverly Act.

54. Further, under Mag-Moss, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit, including reasonable attorneys' fees. Plaintiff has incurred and continues to incur legal fees and costs and expenses in connection with the commencement and prosecution of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For general, special and actual damages according to proof at trial;
2. For rescission of the sale contract and restitution of all monies expended;
3. For incidental and consequential damages according to proof at trial;
4. For civil penalty in the amount of two times Plaintiff's actual damages;
5. For prejudgement interest at the legal rate;
6. For reasonable attorney's fees and costs of suit; and

///
///
///
///

7. For such other and further relied as the Court deems just and proper under the circumstances.

Dated: April 30, 2018               ROSNER, BARRY & BABBITT, LLP

                                    By:  /s/ Jeffrey L. Le Pere
                                         Hallen D. Rosner
                                         Jeffrey L. Le Pere
                                         Attorneys for Plaintiff